Jonathan S. Sanoff
Harold B. Woolfalk
H.B. WOOLFALK & ASSOCIATES, P.C.
113 Walworth Avenue
Scarsdale, New York 10583
Telephone: (914) 725-4406
Email: hbwoolfalk@msn.com
Email: jonathan.sanoff@gmail.com
*Attorneys for Defendants Simmons and Strickland*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
JOHN SWANN HOLDING CORP., derivatively    :      Case No. 13 CV 8619 (AT) (JLC)
on behalf of CLUBCREATE, INC.             :
                                          :
                    Plaintiff,            :
                                          :
         -against-                        :
                                          :
COREY SIMMONS, CURTLAND FIELDS,           :
ANNETTE STRICKLAND and CLUB               :
CREATE, INC.                              :
                                          :
                    Defendants.           :
--------------------------------------------------------------X

## DECLARATION OF COREY SIMMONS

COREY SIMMONS declares:

1. I am one of the defendants in this case. I am a co-founder, chief executive officer and chairman of the board of directors of ClubCreate, Inc., a Delaware corporation, which is named in the caption above.

2. This declaration is respectfully submitted in support of the defendants' motions to dismiss and strike the amended complaint. The purpose of this declaration is to authenticate the two exhibits annexed hereto. I have personal knowledge of the facts stated below.

3. Exhibit 1 hereto is a certified copy of the certificate of incorporation of ClubCreate, Inc. with the seal and signature of the Delaware Secretary of State, which was filed in

the office of the Delaware Secretary of State on May 18, 2007.

      4.  Exhibit 2 hereto is a true copy of an email, dated August 20, 2013, which I sent to Roderick ("Roddy") Devlin, Esq. of the Greenberg Traurig law firm who was then counsel to Marc Anthony and Bigram Zayas.  As shown thereon, I copied the email to, among others, defendants Strickland and Fields, and Craig Swann, who were then the other members of the ClubCreate, Inc. board of directors.  The email is quoted at ¶48 of the amended complaint.

      Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.  Executed at Los Angeles, California, on March 25, 2014.

_____
COREY SIMMONS

# Exhibit 1

# Delaware

*PAGE  1*

## The First State

    I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT COPY OF THE CERTIFICATE OF INCORPORATION OF "CLUBCREATE, INC.", FILED IN THIS OFFICE ON THE EIGHTEENTH DAY OF MAY, A.D. 2007, AT 9:27 O'CLOCK P.M.

4355785  8100

140190751

You may verify this certificate online
at corp.delaware.gov/authver.shtml

Jeffrey W. Bullock, Secretary of State

*AUTHENTICATION: 1141028*

*DATE: 02-18-14*

*State of Delaware*
*Secretary of State*
*Division of Corporations*
*Delivered 09:27 PM 05/18/2007*
*FILED 09:27 PM 05/18/2007*
*SRV 070588876 – 4355785 FILE*

## CERTIFICATE OF INCORPORATION OF

## CLUBCREATE, INC.

### ARTICLE I

The name of the corporation is ClubCreate, Inc. (the "**Company**").

### ARTICLE II

The address of the Company's registered office in the State of Delaware is 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. The name of the Company's registered agent at such address is Corporation Service Company in New Castle County.

### ARTICLE III

The purpose of the Company is to engage in any lawful act or activity for which corporations may be organized under the Delaware General Corporation Law, as the same exists or as may hereafter be amended from time to time.

### ARTICLE IV

This Company is authorized to issue one class of shares to be designated Common Stock. The total number of shares of Common Stock the Company has authority to issue is 50,000,000 with par value of $0.001 per share.

### ARTICLE V

The name and mailing address of the incorporator are as follows:

Cameron K. Smith
Wilson Sonsini Goodrich & Rosati
701 Fifth Avenue, Suite 5100
Seattle, Washington 98104

### ARTICLE VI

In furtherance and not in limitation of the powers conferred by statute, the board of directors of the Company is expressly authorized to make, alter, amend or repeal the bylaws of the Company.

### ARTICLE VII

Elections of directors need not be by written ballot unless otherwise provided in the bylaws of the Company.

C:\N:Portb\PALIB2\JEBU\3852639_2.DOC

## ARTICLE VIII

To the fullest extent permitted by the Delaware General Corporation Law, as the same exists or as may hereafter be amended from time to time, a director of the Company shall not be personally liable to the Company or its stockholders for monetary damages for breach of fiduciary duty as a director. If the Delaware General Corporation Law is amended to authorize corporate action further eliminating or limiting the personal liability of directors, then the liability of a director of the Company shall be eliminated or limited to the fullest extent permitted by the Delaware General Corporation Law, as so amended.

The Company shall indemnify, to the fullest extent permitted by applicable law, any director or officer of the Company who was or is a party or is threatened to be made a party to any threatened, pending or completed action, suit or proceeding, whether civil, criminal, administrative or investigative (a **"Proceeding"**) by reason of the fact that he or she is or was a director, officer, employee or agent of the Company or is or was serving at the request of the Company as a director, officer, employee or agent of another corporation, partnership, joint venture, trust or other enterprise, including service with respect to employee benefit plans, against expenses (including attorneys' fees), judgments, fines and amounts paid in settlement actually and reasonably incurred by such person in connection with any such Proceeding. The Company shall be required to indemnify a person in connection with a Proceeding initiated by such person only if the Proceeding was authorized by the Board.

The Company shall have the power to indemnify, to the extent permitted by the DGCL, as it presently exists or may hereafter be amended from time to time, any employee or agent of the Company who was or is a party or is threatened to be made a party to any Proceeding by reason of the fact that he or she is or was a director, officer, employee or agent of the Company or is or was serving at the request of the Company as a director, officer, employee or agent of another corporation, partnership, joint venture, trust or other enterprise, including service with respect to employee benefit plans, against expenses (including attorneys' fees), judgments, fines and amounts paid in settlement actually and reasonably incurred by such person in connection with any such Proceeding.

Neither any amendment nor repeal of this Article, nor the adoption of any provision of this Certificate of Incorporation inconsistent with this Article, shall eliminate or reduce the effect of this Article in respect of any matter occurring, or any cause of action, suit or claim accruing or arising or that, but for this Article, would accrue or arise, prior to such amendment, repeal or adoption of an inconsistent provision.

## ARTICLE IX

Except as provided in **Article VIII** above, the Company reserves the right to amend, alter, change or repeal any provision contained in this Certificate of Incorporation, in the manner now or hereafter prescribed by statute, and all rights conferred upon stockholders herein are granted subject to this reservation.

I, the undersigned, as the sole incorporator of the Company, have signed this Certificate of Incorporation on May 18, 2007.

/s/ Cameron K. Smith
Cameron K. Smith
Incorporator

# Exhibit 2

| | |
|---|---|
| **From:** | dubcreate@gmail.com on behalf of Corey Simmons |
| **To:** | Harold B. Woolfalk |
| **Subject:** | Fwd: ClubCreate -- Closing Tomorrow - Final Board Comments/Notes - (Curt, Ms.Strickland, Corey, Craig) |
| **Date:** | Saturday, January 25, 2014 4:13:59 PM |

---------- Forwarded message ----------
From: **Corey Simmons** <corey@clubcreate.com>
Date: Tue, Aug 20, 2013 at 11:32 AM
Subject: Re: ClubCreate -- Closing Tomorrow
To: "Devlin, Roderick (OfCnsl-NY-CP)" <DevlinR@gtlaw.com>
Cc: Curt Fields <cefields51@gmail.com>, Matt Greenberg
<mgreenberg@rlscf.com>, Annette Strickland <astrickland@schumannfund.org>,
Bigram Zayas <bzayas@marcaprod.com>, "Jon-Erik@clubcreate.com" <Jon-
Erik@clubcreate.com>, "Frank J. Crupi" <fjcrupi@tuccilaw.com>, "Schindler, Paul
(Shld-NY-Media and Ent)" <SchindlerP@gtlaw.com>, "Belluti, Denielle (AdmAst-NY-
Media and Ent)" <BellutiD@gtlaw.com>, "<IbrahimD@gtlaw.com>"
<IbrahimD@gtlaw.com>, Frank Shostack <fshostack@blacksutherland.com>, Jorge
Liloy <jliloy@marcaprod.com>, Michelle Huerfano Diaz <office@marcaprod.com>,
Peter Fields <fields@rlscf.com>, Adam Hasson <hassonad22@yahoo.com>, Craig
Swann <craig@crashmedia.com>

Roddy,

The board members have now completed their review of the documents and in
certain cases have consulted with their own counsel. I expressed to the board that
the agreements Matt circulated reflect Marc and Bigram's position nevertheless, the
majority of the board has the concerns set forth below which need to be addressed
before the board will approve the agreements. If these changes are acceptable to
Marc and Bigram, we can finalize the deal via a call today and put the documents in
escrow.

Stockholder Agreement

The board deems it in the best interest of the company to maintain continuity of
management and therefore  requires signatories to this agreement to agree to re-
elect the expanded seven member Board, subject to the rights of Board members to
remove a Director "for cause. As you know, the definition of cause includes acts
occurring prior to the execution of the Agreements. Although I've explained that
Marc is unwilling to omit pre-signing acts or omissions from the definition of cause -
and that this issue has been the subject of more than one call among the parties.
Given the informality with which the company has operated until now, the board is
not willing to move forward with the deal if acts or omissions occurring prior to the
date of execution can be a basis for director removal. Furthermore, because there is
no statutory definition of "cause" for removal of a director under the Delaware
Corporate Code, the inclusion in the existing definition of "cause"of anything which
constitutes "cause" under Delaware law, whenever occurring" should be removed
and replaced with the words "to the extent occurring following the date hereof".
Also, "breach of fiduciary duty" is references twice in the definition of "cause" and
one reference should therefore be removed. Finally, the last sentence of this
paragraph should be deleted in its entirety. Kyle has all of the ClubCreate financials

per the Bylaws and can provide some clarity.

At this point it does not look as though Craig Swann or John Swann are willing to sign off on the stockholder agreement.

<u>Marc Anthony Services Agreement</u>

A three year term should be extended to five. Same goes for Bigram's agreement.

As the company is currently without the means to pay the Promissory Note, the company cannot risk having the Promissory Note accelerated prior to the October 2014 due date as a result of any breach of the services agreement as distinguished from a breach of an obligation to pre-pay the note as money comes in and as described in the note. Any such right of acceleration must be deleted.

If Marc is going to expect the company to add $100,000 of his legal fees to the company's debt, then Marc must agree to provide the company with additional operating capital (which would also be added to the Note) for the six months following execution.

Disclosure of Company's debt needs to be updated according to the last information provided by Kyle Tessario.

<u>Promissory Note</u>

The amount of the principal balance of the Note needs to be corrected and the interest rates (6.5% and 13%) needs to be filled in.

<u>Resolutions</u>

The company should resolve to use its best efforts to conclude employment agreements for minimum terms of three years with its officers on the terms approved by the board.

<u>Certificate Surrender/Exchange Agreement</u>

The "release of claims" needs to be narrowed. Tailored to claims arising solely from the ownership of the Old Shares beyond those interest represented by the New Shares. In other words, it must be made clear that this is not a general release of claims against the company unrelated to the certificate swap.

<u>Bylaws</u>

Article IV - Officer

Section 0.3 - Only the CEO or the Board resolution can appoint attorneys and agents.